IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| WILLA VASSAR, | ) | |
|---|---|---|
| Plaintiff, | ) | CIVIL ACTION NO. |
| v. | ) | 10-00438-CB |
| GULFBELT PROPERTIES, INC., JOHN NAPPER, SUMMERVILLE COURT CONDOMINIUM ASSOCIATION and MIDTOWN PROPERTIES, L.L.C., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on an unopposed motion for summary judgment filed by the Defendants, Gulfbelt Properties, Inc., John Napper, Summerville Court Condominium Association and Midtown Properties. (Doc. 40.) After reviewing the undisputed facts in light of the applicable law, the Court grants the motion for summary judgment for reasons set forth below.

**Facts**

The uncontroverted evidence in the present matter shows that the Plaintiff was a resident of Summerville Court, a condominium organized pursuant to Alabama Statutes. The Defendant Midtown Properties, LLC owned the unit that the Plaintiff has rented since 2006. The unit is managed by Gulfbelt Properties. John Napper is the president of Gulfbelt Properties. Pursuant to the Declaration of the Condominium, Summerville Court Condominium Association was responsible for the common elements of the condominium.

During her tenancy, the Plaintiff experienced various maintenance issues with her condominium unit.  Those issues included problems with the air conditioner, hot water heater, bathtub faucet, an electrical outlet, closet door and the front door to the building which housed her unit.  However, the Defendants presented a log showing that the issues with her unit were addressed in a timely and appropriate manner by the Defendants.  Moreover, the Plaintiff herself testified that all maintenance issues listed in her Amended Complaint had been corrected, with the exception of the leaky bathtub faucet.

The Plaintiff also experienced two falls at the condominium.  One fall occurred on August 29, 2008, and the second fall occurred on December 24, 2008.  However, by her own testimony, she is not seeking damages for the first fall, but only for the second fall.  At that time, the Plaintiff fell while reenacting the August 29, 2008 fall for her attorney.  One of her treating physicians, Dr. James Crumb, specifically stated that the fall on December 24, 2008 was not a contributing factor to her injuries.  There was no medical evidence presented to contradict the opinion of Dr. Crumb.  Therefore, the only evidence of record clearly states that the falls did not cause injury or permanent impairment to the Plaintiff.

In this suit, the Plaintiff also seeks damages for damage to her vehicle.  She claims in her Amended Complaint that the vehicle was damaged when it was struck by the condominium security gate.  However, the photographs presented do not depict any damage to the Plaintiff's vehicle.  There is no evidence to show that the vehicle was damaged due to being struck by the gate, nor has any evidence been presented that the incident ever occurred.

Finally, the Plaintiff claims that she was denied a downstairs unit even though her condition, avascular necrosis of the right hip, made it very difficult for her to navigate the stairs to her upstairs apartment.  However, the Plaintiff admitted during the course of her deposition

that the Defendants offered her five different downstairs units to which she could move. She refused each unit for various reasons, including the location of the unit, the presence of carpet in the unit, a broken air conditioner (which is denied by the Defendants) and the assertion that one of the units did not have a closet (which is also denied by all Defendants). Therefore, the Plaintiff refused the reasonable accommodation offered by the Defendants.

**Legal Analysis**

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admission on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R. Civ. P. 56(c). In opposing the summary judgment motion, 'an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.' Fed. R. Civ. P. 56(e)." *Merget v. Moss*, 246 Fed. Appx. 664 (11th Cir. 2007). "If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant." *Richardson v. Ala. Pine Pulp Co.*, 513 F. Supp. 2d 1314, 1320 (S.D. Ala. 2007) (citing *Peppers v. Coates*, 887 F.2d 1493 (11th Cir. 1989)).

    **A. Claims Against Defendant John Napper in his Individual Capacity**

The Plaintiff has brought claims against Mr. Napper in his individual capacity for acts or omissions which occurred while Mr. Napper was acting as a regional manager, president, and/or qualifying broker of Gulfbelt Properties. However, the Plaintiff presented no argument or evidence in order to pierce the corporate veil and impose individual liability upon Mr. Napper. "The corporate structure is intended to protect shareholders and officers from liability arising

from the operation of the corporation." *Trico Marine Assets, Inc. v. Bender Shipbuilding & Repair Co., Inc.*, 2009 U.S. Dist. LEXIS 42715 (11th Cir. 2009)(quoting *Messick v. Moring*, 514 So.2d 892, 894 (Ala. 1987)). "To pierce the corporate veil, a [party seeking to pierce the corporate veil] must show fraud in asserting the corporate existence or must show that recognition of the corporate existence will result in injustice or inequitable consequences.'" *Id.* (quoting *Econ Mktg. Inc. v. Leisure Am. Resorts, Inc.,* 664 So.2d 869, 870 (Ala. 1994) (quoting *Backus v. Watson*, 619 So.2d 1342, 1345 (Ala. 1993)). "Piercing the corporate veil is not a power that is exercised lightly." *Yarbrough v. Ledford*, 771 So.2d 1051, 1053 (Ala. Civ. App. 2000).

Since the only evidence presented shows that Mr. Napper was acting in his capacity as president of Gulfbelt Properties at the time of all acts or omissions alleged by the Plaintiff, then the Defendant John Napper is shielded from liability in his individual capacity. This Court therefore finds that Defendant John Napper is entitled to a judgment as a matter of law as to all claims asserted against him in his individual capacity by the Plaintiff.

### B. Negligence

The Plaintiff has asserted two claims for negligence. One claim concerns personal injuries she received as a result of a fall and the other claim involves alleged damage to her vehicle. However, the Plaintiff has failed to present any evidence that the acts or omissions of any Defendants proximately caused her personal injury or property damage.

"In order to establish a cause of action for negligence, four distinct elements must be shown. There must exist (1) a legal duty owed to the plaintiff, (2) which is breached by the defendant and (3) **which proximately causes (4) injury to the plaintiff.**" (emphasis supplied) *Raspilair v. Bruno's Food Stores, Inc.*, 514 So.2d 1022, 1023 (Ala. 1987) (quoting *Jones v.*

*Newton,* 454 So.2d 1345 (Ala. 1984)). "Generally, the question of whether proximate cause exists is one for the jury; however, when the facts are such that all reasonable men must draw the same conclusion, the questions of proximate cause then becomes for the courts. *Thompson v. Gaier*, 512 So.2d 775 (Ala. 1987)(quoting *Peevy v. Ala. Power Co.*, 393 So.2d 971 (Ala. 1981)).

The Plaintiff's own treating physician stated that the fall which occurred on December 24, 2008 was not the proximate cause of the conditions and symptoms for which the Plaintiff was seeking damages. Moreover, the Plaintiff failed to present any evidence that her vehicle was damaged as a result of any acts or omissions by the Defendants. The only evidence of record, photographs of the Plaintiff's vehicle after the alleged incident, reveal no damage to the vehicle. Therefore, as the Plaintiff has failed to present any genuine issue of material fact as to her negligence claims, all Defendants are entitled to a judgment as a matter of law as to Count I and Count III of Plaintiff's Amended Complaint.

    **C. Fair Housing: Race Discrimination**

Claims asserted under the Fair Housing Act are governed by the *McDonnell Douglas* three-part burden of proof test:

> First, the plaintiff has the burden of providing a prima facie case of discrimination by a preponderance of the evidence. Second, if the plaintiff sufficiently establishes a prima facie case, the burden shifts to the defendant to 'articulate some legitimate, nondiscriminatory reason' for its action. Third, if the defendant satisfies this burden, the plaintiff has the opportunity to prove by a preponderance that the legitimate reasons asserted by the defendant are in fact mere pretext.

*Herron v. Blackwell*, 908 F.2d 864, 870 (11th Cir. 1990) (Quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). In order to present a prima facie case, a plaintiff must show that she is an aggrieved person and that the defendants discriminated against her in the terms, conditions, or privileges of the rental of the condominium unit or in the provision of services or

facilities in connection therewith, because of the plaintiff's race, and that such discrimination has caused her damage. 42 U.S.C. §3604(b).

The Plaintiff has failed to meet her burden and present a prima facie case of race discrimination. The claims made by the Plaintiff are that the Defendants failed to respond to her maintenance requests, would only respond when "white" neighbors made the requests and that there are statistical disparities in the number of African Americans in the condominium. However, the Plaintiff presented no evidence to support her claims other than her own bare allegations. She also admitted that all but one of the maintenance issues with her unit was corrected prior to her Amended Complaint being filed. Additionally, the Defendants presented substantial evidence that the Plaintiff was treated in the same manner as other tenants in that her maintenance requests were addressed in a timely and appropriate manner.

Therefore, as the Plaintiff has failed to carry her burden and present a prima facie case of race discrimination pursuant to 42 U.S.C. § 3604(b), all Defendants are entitled to a judgment as a matter of law as to Count IV of Plaintiff's Complaint.

### D. Fair Housing: Reasonable Accommodation

"To prevail on a Section 3604(F)(3) claim, a plaintiff must establish that (1) [s]he is disabled or handicapped within the meaning of the FHA, (2) [s]he requested a reasonable accommodation, (3) such accommodation was necessary to afford h[er] an opportunity to use and enjoy [her] dwelling, and (4) **the defendants refused to make the requested accommodation.**" (emphasis supplied) *Hawn v. Shoreline Towers Phase I Condominium Assoc. Inc.* 347 Fed. Appx. 464, 468 (11th Cir. 2009) (quoting *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1218-19 (11th Cir. 2008). "An individual is handicapped, for the purposes of the Fair Housing Act, if [s]he has (a) a 'physical or mental impairment which substantially limits one or

more of such person's major life activities,' (b) 'a record of such impairment,' or (c) is 'regarded as having such an impairment.'"

The Plaintiff claims that she is a disabled person due to avascular necrosis of her right hip and that the Defendants failed to make a reasonable accommodation in allowing the Plaintiff to move to a downstairs unit so that she would not be required to navigate the stairs to her present residence. While the Defendants do not concede the assertion that the Plaintiff is handicapped, they have offered substantial evidence that all reasonable accommodations were made for the Plaintiff and she refused those accommodations. Specifically, the Defendants offered the Plaintiff her choice of five different downstairs units and for various and specious reasons, she refused to accept any of those units.

As the Defendants presented substantial evidence, which was corroborated by the testimony of the Plaintiff, that they had in fact made reasonable accommodations for the Plaintiff, she has failed to present a prima facie case of violation f Section 3604(f)(3)(B) of the Fair Housing Act Amendments 1988; therefore, all Defendants are entitled to a judgment as a matter of law as to Count V of Plaintiff's Amended Complaint.

### E. Breach of Alabama's Warranty of Habitability

Alabama Code §35-9A-204(a) reads in pertinent part:

(a) A landlord shall:
    (2)    make all repairs and do whatever is necessary to put and keep the premises in a habitable condition.

While the term "habitable" has not been specifically defined by Alabama courts, Blacks Law Dictionary defines habitability as "condition of premises which permits inhabitants to live free of serious defects to health and safety." *Blacks Law Dictionary, Fifth Edition.* In addition, the Alabama Court of Civil Appeals addressed this issue in a case in which tenants claimed that the

7

landlord had breached its duties under Ala. Code § 35-9A-204(a)(2) by having a ventilation system that allowed smoke from other apartments into the apartment of the plaintiffs. In a concurring opinion, Justice Thomas held, "the [plaintiffs] failed to present evidence indicating that their health and safety had been materially affected by the presence of smoke that might have invaded their apartment." *Leeth v. J & J Properties*, 2010 Ala. Civ. App. LEXIS 321, *14 (Ala. Civ. App. Nov. 5, 2010). The definition of habitable along with the opinion of Justice Thomas indicates that in order for a premises to be rendered "uninhabitable", it must have defects which materially affect the health and safety of the tenants/residents.

Not only has the Plaintiff failed to present any evidence that the maintenance issues in the condominium unit in which she resides materially affect her health and safety as to render the unit uninhabitable, she concedes that all but one of the maintenance issues in the units, the leaky bathtub faucet has been repaired by the Defendants. Therefore, the Plaintiff has presented no genuine issue of material fact as to Count VI of her Amended Complaint; therefore, all Defendants are entitled to a judgment as a matter of law as to Count VI.

**F. Statutory Claim Pursuant to Alabama Code § 35-9A-401(b)**

The Plaintiff has asserted a claim pursuant to Alabama Code § 35-9A-401 which reads in pertinent part:

> (a) Except as provided in this chapter, if there is a material noncompliance by the landlord with the rental agreement or a noncompliance with Section 35-9A-204 materially affecting health and safety, the tenant may deliver a written notice to the landlord specifying the acts an commissions constituting the breach and that the rental agreement will terminate upon a date not less than 14 days after receipt of the notice if the breach is not remedied within that period…
>
> (b) Except as provided in this chapter, the tenant may recover actual damages and obtain injunctive relief for noncompliance by the landlord with the rental agreement or Section 35-9A-204…

8

While, section 35-9A-401 clearly requires that the Plaintiff provide written notice to the landlord of the alleged breach of the rental agreement and give the landlord fourteen days to cure that breach, the Plaintiff failed to provide any evidence that she gave any written notice to the Defendants regarding alleged defects with the premises. Therefore, she is not entitled to recover under Alabama Code § 35-9A-401 (1975).

Moreover, the crux of her claim is that the Defendants failed to comply with Alabama Code § 35-9A-204 which requires a landlord to comply with "applicable building and housing codes materially affecting health and safety". The Plaintiff has failed to present any evidence that the code sections cited in paragraph 26 of her amended complaint, which were adopted by the City of Mobile 1997 and 2001, are the applicable code sections to this condominium complex that was built in 1939. Furthermore, there has been no evidence presented that the alleged violations materially affect the health and safety of the condominiums.

Since the Plaintiff has failed to present a genuine issue of material facts as to Count II of her Amended Complaint, the Defendants are entitled to a judgment as a matter of law as to Count II.

**Conclusion**

Upon thorough review of the evidence, it is clear that the Plaintiff has failed to present a genuine issue of material fact as to any claim asserted in her Amended Complaint; therefore, all Defendants are entitled to a judgment as a matter of law as to all claims asserted in the Plaintiff's Amended Complaint.

**DONE** and **ORDERED** this the 4th day of April, 2011.

*s/ Charles R. Butler, Jr.*
**Senior United States District Judg**